# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00019-MR-WCM

| | |
|---|---|
| WILLIAM MODLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED GROCERY OUTLET, ) | |
| INC., D/B/A GO GROCERY ) | |
| OUTLET, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Amend Complaint and Join Additional Party and Motion to Remand [Doc. 4]; the Magistrate Judge's Memorandum and Recommendation [Doc. 8]; and the Defendant's Objections to the Memorandum and Recommendation [Doc. 9].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Plaintiff's motions and to submit a recommendation for their disposition.

On April 14, 2021, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Plaintiff's motion to remand be denied, as the Defendant's Notice of Removal sufficiently alleged diversity jurisdiction; that the Plaintiff's motion to amend be granted; and that the matter be remanded to the Superior Court of Buncombe County, North Carolina on the grounds that allowing the joinder of an additional defendant destroys diversity jurisdiction. [Doc. 8]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On April 28, 2021, the Defendant filed Objections to the Memorandum and Recommendation. [Doc. 9].

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections

have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the Defendant does not make any specific objection to the Magistrate Judge's Memorandum and Recommendation. Instead, the Defendant makes general objections to the Magistrate Judge's conclusions without providing further explanation as to the basis for Defendant's objections. This kind of objection does not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court

hereby accepts the Magistrate Judge's recommendation granting the Plaintiff's Motion for Leave to file an amended complaint and join an additional party. To the extent that the Plaintiff also moves to remand this action to Buncombe County Superior Court, that matter is held in abeyance pending the filing of the Plaintiff's amended complaint.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion for Leave to Amend Complaint and Join Additional Party is **GRANTED**;

(2) The Plaintiff is **DIRECTED** to file his amended complaint within fifteen (15) days of the entry of this order; and

(3) The Plaintiff's Motion to Remand is held in abeyance pending the filing of the Plaintiff's amended complaint.

**IT IS SO ORDERED.**

Signed: August 23, 2021

Martin Reidinger
Chief United States District Judge