**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00019-MR-SCM**

| | |
|---|---|
| WILLIAM MODLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT** |
| ) | **Simple Negligence** |
| UNITED GROCERY OUTLET, ) | **Reckless Negligence** |
| INC., d/b/a GO GROCERY ) | **Gross Negligence** |
| OUTLET and JOHNNIE ) | |
| BUCKNER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

COMES NOW plaintiff, William Modlin, by and through undersigned counsel and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Alexander, Buncombe County, North Carolina..

2. Defendant United Grocery Outlet, Inc., d/b/a GoGrocery Outlet (GGO hereafter) is a duly organized corporate entity registered and authorized to conduct its business in the State of North Carolina. Defendant engages in the grocery outlet business and owns, operates, maintains and controls a store front on Leicester Highway, doing business as Go Grocery Outlet..

3. Defendant Johnnie Buckner is a citizen and resident of Buncombe County, North Carolina.

4. Personal and subject matter jurisdiction, as well as venue, properly lies with Buncombe County Superior Court.

## OPERATIVE FACTS

5. On 16 December 2019, plaintiff entered defendant's Go Grocery Outlet store location on Leicester Highway intending to shop for groceries. Plaintiff was a regular customer at this establishment.

6. Upon entering the front-end of the store, plaintiff observed a man hurriedly bypassing the check-out counters and walking out of the store carrying in both arms a large amount of meat. As a regular patron of the store, plaintiff recognized he was witness to shoplifting in progress. In an effort to raise awareness of the event to others, particularly employees of the store, plaintiff exclaimed to the fleeing shoplifter, "Hey man, what are you doing!" Undeterred, the shoplifter proceeded out of the store and into the parking lot.

7. Plaintiff exited the store behind the shoplifter, intending to obtain a vehicle description or license plate number for the defendant's benefit.

8. As plaintiff approached the shoplifter's vehicle, he observed the driver's door open and the shoplifter sitting in the driver's seat. At that point, plaintiff sought to encourage the shoplifter to avoid an encounter with authorities by imploring him to "do the right thing." More specifically, plaintiff suggested to the shoplifter that he could leave the merchandise and drive away. As plaintiff sought to counsel him, the shoplifter remained docile and muted in driver's seat.

9. As plaintiff was attempting to convince the shoplifter to do the right thing, a female that plaintiff recognized as one of the defendant's employees, namely defendant Buckner, suddenly and angrily appeared at the front of the shoplifter's vehicle brandishing a boxcutter. Upon observing said female employee, plaintiff motioned with his hand for her to halt and calm down, but to no avail. Said employee angrily proclaimed her intentions to slash the tire of the shoplifter's vehicle, whereupon she proceeded to the right front tire, bent down and attempted to do so.

10. When the defendant's employee bent over to slash the right front tire, the shoplifter suddenly and without warning accelerated his vehicle in reverse and fled the scene. As a result, plaintiff was trapped and struck by the open driver's door. In the process of the shoplifter fleeing, plaintiff was knocked to the ground, dragged across the asphalt and ran over.

11. As a result of the subject incident, plaintiff suffered an irreparable de-gloving injury to the bottom of his right foot, thereby necessitating an amputation of his right leg just below the knee.

## COUNT ONE
### (*Negligence*)

12. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-10 setout above.

13. At all times material and relevant hereto, defendant GGO and its employees owed plaintiff a duty of reasonable care, including, but not limited to a duty to maintain the premises under defendant's possession and control in a reasonably safe condition and the duty to avoid actions creating a risk of harm to those lawfully upon its premises. Defendant's servant, agent or employee, Buckner, breached her duty of care to plaintiff and acted negligently as follows:

   a. She engaged in reckless and unreasonable conduct that she knew or should have known could escalate the situation and cause a flight response from the shoplifter;

   b. She failed to address the shoplifting situation in a reasonable and prudent manner;

   c. She failed to act reasonably and responsibly to protect the rights and safety of plaintiff;

   d. She failed to provide plaintiff with sufficient warning of her unreasonable conduct and actions;

   e. She acted unreasonably when she knew or should have known that plaintiff was standing in a zone of danger created by her unreasonable conduct;

   f. She was otherwise negligence as may be established at trial.

14. As a direct and proximate result of the negligence of the defendant's agent, servant and employee, plaintiff suffered painful and permanent injuries, including amputation of his lower extremity.

15. As a direct and proximate result of the negligence of defendant's agent, servant and employee, plaintiff has suffered great pain, loss of enjoyment of life, lost wages and loss of wage earning capacity.

16. As a direct and proximate result of the negligence of defendant's agent, servant and employee, plaintiff has incurred considerable expenses for medical and rehabilitative treatment and he will incur such future expenses for the remainder of his life.

17. The individual female who brandished a boxcutter and uttered terrorizing rhetoric was an agent, servant and/or employee of defendant GGO, who was acting within the course and scope of her employment and about her master's business at all times material and relevant hereto. Accordingly, defendant GGO is derivatively or vicariously liable for the negligent acts and omissions of said female agent, servant and employee.

18. Plaintiff is entitled to recover damages from defendants in excess of $25,000.00 for pain, suffering, loss of enjoyment of life, permanency, lost wages, loss of wage earning capacity, disfigurement and medical expenses.

## COUNT TWO
### (*WILLFUL AND WANTON OR GROSS NEGLIGENCE*)

19. Plaintiff realleges and incorporates by reference herein paragraphs 1-17 set out above.

20. The defendant's agent, servant and employee acted with reckless indifference to the rights and safety of plaintiff and was thereby willfully and wantonly negligent. Alternatively, she acted with gross negligence.

21. As a direct and proximate result of the reckless and/or gross negligence of the defendant's agent, servant and employee, plaintiff was permanently injured and is entitled to recover of the defendants compensatory damages in excess of $25,000.00 for pain, suffering, loss of enjoyment of life, lost wages, loss of wage earning capacity and medical expenses, in addition to exemplary damages.

WHEREFORE, plaintiff prays the Court as follows:

1. That plaintiff have and recover of defendants compensatory damages in excess of $25,000.00;

2. That plaintiff have and recover of defendant exemplary damages in amount that is deemed reasonable, just and fair under the circumstances;

3. That defendants' liability be adjudged joint and several;

4. That plaintiff be awarded costs, including interest;

5. For a trial by jury ; and

6. For such other and further relief as the Court may deem just and proper.

This the 10<u>th</u> day of September 2021.

                              LEICHT & ASSOCIATES

                              /s/ Gene Thomas Leicht
                              GENE THOMAS LEICHT
                              NC State Bar No. 17981
                              30 Choctaw Street, Unit D
                              Asheville, NC  28801
                              (828) 670-9666
                              gtl@leicht-law.com
                              Attorneys for Plaintiff


                              FISHER STARK P.A. ATTORNEYS

                              /s/ W. Perry Fisher, II
                              W. PERRY FISHER, II
                              NC Bar No. 14153
                              99 McDowell Street
                              Asheville, NC 28801
                              (828) 505 4300
                              (828) 505 4302 Fax
                              perry@fisherstark.com

# CERTIFICATE OF SERVICE

This will certify that I have this day served a copy of this Amended Complaint, to defendants' counsel of record, by first class, postage pre-paid mail addressed as follows:

> John Spainhour
> McAngus Goudelock & Courie
> 10 Brooke Street, Suite 200
> P. O. Box 2137
> Asheville, NC 28803
> (828) 575-1900
> (828) 707-9423 Fax
> jspainhour@mgclaw.com

on this the 10th day of September 2021.

> LEICHT & ASSOCIATES
>
> /s/ Gene Thomas Leicht
> GENE THOMAS LEICHT
> NC State Bar No. 17981
> 30 Choctaw Street, Unit D
> Asheville, NC 28801
> (828) 670-9666
> gtl@leicht-law.com
> Attorneys for Plaintiff
>
>
> FISHER STARK P.A. ATTORNEYS
>
> /s/ W. Perry Fisher, II
> W. PERRY FISHER, II
> NC Bar No. 14153
> 99 McDowell Street
> Asheville, NC 28801
> **(**828) 505 4300
> **(**828) 505 4302 Fax
> perry@fisherstark.com