# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00019-MR-WCM

| | |
|---|---|
| WILLIAM MODLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED GROCERY OUTLET, ) <br> INC., D/B/A GO GROCERY ) <br> OUTLET and JOHNNIE ) <br> BUCKNER, ) <br> ) <br> Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 4]. On February 3, 2021, the Plaintiff filed a Motion for Leave to file an amended complaint and a Motion to Remand. [Doc. 4]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Plaintiff's motions and to submit a recommendation for their disposition.

On April 14, 2021, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Plaintiff's motion to remand be denied, as the Defendant's Notice of Removal sufficiently alleged diversity

jurisdiction; that the Plaintiff's motion to amend be granted; and that the matter be remanded to the Superior Court of Buncombe County, North Carolina on the grounds that allowing the joinder of an additional defendant destroys diversity jurisdiction. [Doc. 8]. On August 23, 2021, the Court granted the Plaintiff's Motion for Leave to file an amended complaint and held the Plaintiff's Motion to Remand in abeyance, pending that filing. [Doc. 10]. The Plaintiff filed his amended complaint on September 10, 2021 and joined Johnnie Buckner as a Defendant to this action. [Doc. 11].

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pursuant to 28 U.S.C. § 1332, this Court may exercise original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Here, the

2

Case 1:21-cv-00019-MR-WCM   Document 14   Filed 09/20/21   Page 2 of 3

Plaintiff and Defendant Buckner are both citizens of North Carolina. [Doc. 11 ¶ 1, 3]. Therefore, because the joinder of Defendant Buckner destroys diversity jurisdiction, the Court is deprived of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Amended Complaint [Doc. 11] having added a non-diverse party, the Court is deprived of subject matter jurisdiction, and, therefore, this matter is **REMANDED** to the Superior Court of Buncombe County, North Carolina; and

(2) The Plaintiff's Motion to Remand [Doc. 4] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge